UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BUCHANAN,<br><br>            Petitioner,<br><br>    v.<br><br>MARTIN GAMBOA,<br><br>            Respondent. | No.  2:23-cv-2731 DJC AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss.  ECF No. 10.

I.     Background

   A.     State Trial Proceedings

Petitioner was convicted by a jury in El Dorado County Superior Court of one count of continuous sexual abuse of a minor under fourteen (Cal. Penal Code § 288.5(a)) and seven counts of lewd acts upon a child (Cal. Penal Code § 288 (a)).  ECF No. 1 at 1-2.  He was sentenced to a prison term of sixteen years.  Id. at 1.

   B.     State Post-Conviction Proceedings

Petitioner appealed his conviction and sentence to the California Third District Court of Appeal (C095188), alleging numerous errors at trial in violation of his constitutional rights, as well as challenging the calculation of his prison term.  ECF No. 1 at 2.  The Court of Appeal

affirmed the conviction but vacated the sentence and remanded the case for resentencing consistent with the recently-amended Penal Code § 1170.  ECF No. 1-2 at 41.  Petitioner filed a petition for review in the California Supreme Court, which was denied on September 20, 2023.  ECF No. 1 at 3.  He did not petition for writ of certiorari in the United States Supreme Court.  Id.  Petitioner was resentenced in El Dorado County Superior Court on March 29, 2024, and does not intend to appeal.  ECF No. 14.

        C.        Federal Proceedings

Petitioner filed the instant petition on November 21, 2023.  ECF No. 1.  The petition presents five causes of action arising from the alleged violation of his constitutional rights: (1) that his rights to due process and confrontation were violated by the exclusion of evidence; (2) that his right to due process was violated by the admission of testimony concerning a past, unrelated adult sex allegation; (3) that his right to due process was violated by the use of Child Sexual Abuse Accommodation Syndrome (CSAAS) testimony; (4) that his right to notice was violated when the charging document was amended after the close of the prosecution's case-in-chief; and (5) that his right to due process was violated by two of the jury instructions given in his trial.  ECF No. 1 at 4-5.  Respondent filed a motion to dismiss the petition (ECF No. 10), which petitioner opposes (ECF No. 12).

    II.        Motion to Dismiss

Respondent seeks dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971), on grounds that petitioner's conviction was not final when the federal petition was filed and that his direct appeal remains pending.  ECF No. 10.  He asserts that dismissal is required even if the state court proceedings conclude.  Id. at 3.

In response, petitioner argues the motion should be denied because his resentencing will not affect the claims raised in this petition; he will be irreparably damaged because he remains in custody; there is no valid reason to delay federal proceedings; and the resentencing proceedings raise no federal constitutional issues, making Younger inapplicable.  ECF No. 12 at 2.  He further argues that while a subsequent resentencing order is a new judgment for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), if the resentencing does not

change the judgment then the statute of limitations will not restart and the statute of limitations "may well be running against petitioner now." Id. As an alternative to dismissal, petitioner requests a stay of the action. Id. at 2.

In reply, respondent argues that abstention is required and a stay is inappropriate in a mandatory abstention context. ECF No. 13 at 2-3. Respondent further asserts that, regardless of how petitioner is resentenced, the one-year limitation period under the AEDPA has not begun to run yet because petitioner's judgment is not final since it is still under direct review. Id. at 3.

### A. Abstention Doctrine

Under Younger v. Harris, federal courts may not interfere with a pending state criminal prosecution or related proceeding absent "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." 401 U.S. at 45. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008) (citations and footnote omitted).

Abstention is appropriate if four requirements are met: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alteration in original) (quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).

### Discussion

All four Younger abstention criteria are met in this case. First, petitioner's appeal of his conviction was admittedly still pending in state court when the federal petition was filed, see ECF No. 1 at 4; ECF No. 12, and it is the status of the state court proceeding at the time the federal petition was filed that matters for Younger purposes, Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (dismissal required under Younger if state court proceedings were ongoing at

3

1  time action was filed even if they conclude before the court addresses the issue).  Therefore, even
2  if petitioner does not appeal his resentencing, as he represents is his intention, and his state court
3  proceedings conclude prior to the district judge's consideration of these findings and
4  recommendations, the first Younger requirement is satisfied.  See id.; Kitchens v. Bowen, 825
5  F.2d 1337, 1341 (9th Cir. 1987) ("[T]he critical question is not whether the state proceedings are
6  still 'ongoing', but whether 'the state proceedings were underway before initiation of the federal
7  proceedings.'" (quoting Fresh Int'l Corp. v. Agric. Lab. Rels. Bd., 805 F.2d 1353, 1358 (9th Cir.
8  1986)).

9       Second, criminal proceedings indisputably implicate important state interests for Younger
10 purposes.  "[T]he States' interest in administering their criminal justice systems free from federal
11 interference is one of the most powerful of the considerations that should influence a court
12 considering equitable types of relief."  Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing
13 Younger, 401 U.S. at 44-45).

14      Third, California's appellate and post-conviction review process provides an opportunity
15 for consideration of federal constitutional questions.  It does not matter to the Younger analysis
16 whether the specific federal claims petitioner wishes to present in this court are part of the
17 pending state proceeding.  See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d
18 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger . . . requires only the
19 absence of 'procedural bars' to raising a federal claim in the state proceedings." (citations
20 omitted)).  In other words, where vital state interests are involved, a federal court should abstain
21 "unless state law clearly bars the interposition of the constitutional claims."  Moore v. Sims, 442
22 U.S. 415, 426 (1979).  California law does not bar the presentation of petitioner's constitutional
23 claims and petitioner has in fact already raised them in the California courts.  See ECF No. 11-2
24 (petition for review).  "[H]is lack of success does not render the forum inadequate."  Baffert v.
25 Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

26      Finally, consideration of petitioner's challenge to the validity of his conviction would
27 have the practical effect of enjoining the state court proceedings.  It is widely recognized that
28 federal habeas proceedings regarding the validity of a conviction or sentence have the practical

4

effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying criminal case. Phillips v. Neuschmid, No. 2:19-cv-3225 RGK AFM, 2019 WL 6312573, at *2, 2019 U.S. Dist. LEXIS 204615, at *5 (C.D. Cal. Oct. 18, 2019) ("[C]ourts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing.") (collecting cases); adopted, 2019 WL 6310269, 2019 U.S. Dist. LEXIS 204569 (C.D. Cal. Nov. 22, 2019) (dismissing habeas petition on the ground of Younger abstention); see also Beltran, 871 F.2d at 782 (Younger requires dismissal even if state court proceedings have concluded prior to the district court addressing the issue and abstention order may simply result in refiling of the federal complaint). This is true whether or not the aspect of the case being addressed in the state court proceedings is the same aspect of the case being challenged in the federal habeas petition. See Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (where petitioner had exhausted state court remedies with respect to the issue of guilt but the penalty phase was still ongoing, court "should not entertain petitioner's federal habeas petition in the absence of a penalty phase judgment in state court or until the existence of extremely unusual circumstances warrant an exception"). Here, granting petitioner the relief he seeks—release from confinement and the invalidation of his conviction—would have the practical effect of mooting or enjoining the ongoing appeal. This is true regardless of the nature of the claims presented in the two forums, and it is precisely the sort of interference with state criminal justice systems that the Younger abstention doctrine seeks for foreclose.

Since all four Younger criteria are met, petitioner must show that extraordinary circumstances exist in order to proceed with this action. However, petitioner has made "no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

III. Request for Stay

Petitioner request that as an alternative to dismissal, the court stay the case pending conclusion of the state resentencing procedure. ECF No. 12 at 2. However, "[w]here Younger

abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." Beltran, 871 F.2d at 782; Gibson v. Berryhill, 411 U.S. 564, 577 (1973) ("Unlike those situations where a federal court merely abstains from decision on federal questions until the resolution of underlying or related state law issues . . . Younger v. Harris contemplates the outright dismissal of the federal suit." (footnote omitted)).

The court notes that dismissal pursuant to Younger is without prejudice and, contrary to petitioner's assertion, the statute of limitations for bringing a federal habeas petition has not yet begun to run because the judgement in his criminal case is not yet final. See 28 U.S.C. § 2244(d)(1)(A) (statute of limitations runs from date on which judgment becomes final). Once petitioner's conviction becomes final on conclusion of direct review, he may bring a petition in this court presenting his claims.

IV.     Conclusion

For the foregoing reasons, the requirements for Younger abstention are satisfied and the petition should be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMNEDED that:

1. That respondent's motion to dismiss (ECF No. 10) be GRANTED;

2. Petitioner's request for a stay and abeyance (ECF No. 12) be DENIED; and

3. That the petition (ECF No. 1) be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: April 23, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE